SIXTO RIVERA, Petitioner, *v.* MUNICIPAL COURT OF YABUCOA, Respondent.

No. 6349. Argued March 21, 1934.—Decided July 18, 1934.

*Alfonso Lastra Charriez* for appellant. *Ercilio Alvarado,* on his own behalf.

MR. JUSTICE WOLF delivered the opinion of the Court.

The Municipal Court of Yabucoa opened its session for the hearing of criminal cases on November 28, 1932. On that day the court did not have a secretary, inasmuch as the office was vacant from the 18th of the same month, as the Senate of Puerto Rico had not confirmed the nomination

made by the Governor in favor of Providencia Arroyo. On opening the session the judge, or court as the case may be, ordered the marshal of the court to take the necessary notes for the session and to perform in general the duties of the secretary with the exception of the swearing of the witnesses. At the same time the court ordered a policeman to perform the duties of the marshal.

A case against Sixto Rivera was called for the crime of carrying a prohibited weapon. The defendant, through his attorney, presented a motion attacking the jurisdiction of the court, because in the absence of regular officials it was not legally constituted. Appellant recognizes that we had said in *Ex parte Plata* and *The People*, 22 P.R.R. 175, that:

"The one common and essential feature in all courts is a judge or judges—so essential, indeed, that they are even called *the court* as distinguished from the accessory and subordinate officers.

"Secretaries and marshals are ministerial officers and are in no wise necessary to the existence of a court.

"The mere absence of the secretary and marshal does not invalidate the proceedings had at a trial, especially when, as in the case at bar, the defendant had his day in court and has failed to show that he was deprived of any substantial right or in any wise prejudiced therein by reason of such absence or that he objected or called the attention of the trial court to the matter."

The appellant, however, attempts to distinguish the case by saying that in the Plata case the ministerial officers were merely absent, while here no secretary had been duly named. The Municipal Court of Yabucoa overruled the motion. Then Sixto Rivera appealed to the District Court of Humacao. The Municipal Judge accepted the notice of appeal. Thereafter, Rivera also presented a petition in certiorari to the District Court of Humacao, which court on motion of the judge of the Municipal Court annulled the writ.

We are quite agreed with the appellee that a judge of a court in general embraces in himself all the attributes that anyone of the ministerial officers might have; that in the

absence of the secretary, whether temporarily or permanently, the judge may perform the functions of that officer. As said in the Plata case, *supra,* the secretaries and marshals are ministerial officers and not necessary to the existence of a court. An interesting case to the same effect, cited by the appellee, is *Mealing* v. *Pace,* 14 Ga. 596, 629.

It is likewise pointed out by the appellee that if a defendant has a trial and a court takes all the necessary steps in giving the defendant a hearing, the judgment entered is valid. *Ronda* v. *Ortiz,* 33 P.R.R. 214; *Ramos* v. *Sellés et al.,* 37 P.R.R. 563. We think the judge of the Municipal Court of Yabucoa was fully authorized to hear the case and to appoint ministerial officers to assist him. It does not make any difference that an attempt was made to name these ministerial officers more or less permanently without the consent of the attorney general. Each and every day in which the court sits it has power to see that its functions as such court are performed and even if the naming was not legally permanent, a nomination *pro hac vice* could be made.

The appellant also in furtherance of the idea of lack of jurisdiction alleges that no appeal could be taken; that the law in regard to appeals from municipal courts requires that the appeal be notified to the secretary. In this case the judge himself accepted the notice of appeal, finished the appeal papers and sent them up to the District Court of Humacao, where they lay when the petition in certiorari was presented. In point of fact, the parties agreed that the presence of the papers in the district court should constitute part of the return. Again we think that in the absence of the secretary the court under the law substituted itself for him. It would be absurd to suppose that in the absence of the secretary on whom appeals should be served, the judge could not act in his stead.

If there was no secretary in the court to whom the appeal could be notified, then as the law does not require impossibilities, the appellant could file the notice of appeal in the

court and this would suffice for the secretary whenever he arrived. However, it is unnecessary to dwell on this consideration, because we are entirely of the opinion that the action of the court in this case was regular.

The judgment appealed from must be affirmed.